UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
JUDE E. OZUZU

                            Plaintiff,               Case No.1:19-CV-03783-AMD-LB

       -against-                       **MEMO OF LAW IN SUPPORT**
                                          **OF ORDER TO SHOW CAUSE**

GREENPOINT MORTGAGE FUNDING,
CAPITAL ONE, (USA) NA., VFC
PARTNERS 26, LLC FIRST CITY SERVICING
CORPORATION, BNH CALEB 14 LLC,
R.B. DIFFENDERFFER, JEFFREY M. JULIANNE,
STEPHEN DAMORE, KATHY MCNAIR, DWAIN
MOSS, STEVE HACKEL, HARRY ZUBLI,
KNOWN AND UNKNOWN CO-CONSPIRATORS

                           Defendants.

-------------------------------------------------------------X

## PRELIMINARY STATEMENT

      This memorandum of law is submitted on behalf of plaintiff Jude Ozuzu in support of his

motion for a temporary restraining order and stay, pursuant to, among other things, FRCP Rule

65 and 28 U.S.C. § 2283, of the action entitled ***BNH Caleb 14, LLC v. Ozuzu, et al.***," Index

No. 505322/2016, currently pending in the Supreme Court of the State of New York, County of

Kings (the "State Lawsuit").

      The stay of the State Lawsuit should be issued because the federal court is the best and

only forum to resolve the issues concerning federal statutes amongst all of the parties in the in

these actions.  The State Lawsuit, filed earlier than this instant lawsuit, is not entitled to the

presumption of 'jurisdiction over the <u>res</u>' because it is merely one in a series of filings by

defendants and serial filers should not be entitled to the presumption.

The stay would also be in the interest of justice. As set forth in the affirmation supporting this OSC and the various exhibits, Mr. Ozuzu's mortgage at 2846 West 36th Street, Brooklyn, New York 11201 (the "Property") was always current.. Defendant Harry Zubli and others perpetrated a scheme to attempt to foreclose on fully paid properties by filing serial (but false) state court lawsuits. They did so in order to, among other things, interfere with the award of federal funds stemming from the Property being declared part of a federal disaster area following the destruction of Hurricane Sandy.

## ARGUMENT

## INTRODUCTION

The Anti-Injunction Act, 28 U.S.C. §2283 (the "AIA"), provides three bases for a federal court's stay of a state court action. It states: "A court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments."

The stay should be issued under the second and third prongs of the AIA. The federal court's jurisdiction and judgment over the Property 'res' should be exclusive. The explicit language of the AIA does not require that the federal court action be filed first. Insofar as case law sometimes mentions that the federal action be filed first, the Court should make an exception with respect to serial filers like defendants, who, under federal law, are not entitled to the presumption of 'first-filing.' There is no explicit requirement that 'judgment' mean 'final judgment of the case;' the judgments rendered in this case so far qualify as judgments to be protected.

The stay should also be issued under the first prong of the AIA. Congress specifically acted in declaring the Property a federal emergency area entitled to federal funds. The State

Lawsuit was meant to and does interfere with federal funds and the federal interest in maintaining coastal properties damaged by climate change.  The State Lawsuit also implicates congressional acts concerning MERS, the FDCPA, the FHA and the Quiet Title Act.

At this stage, there would be no harm in issuing at least a temporary restraining order to better determine the issues in this motion and the underlying action, for which plaintiff has only very recently retained an attorney.  The plaintiff is a respected doctor who has always made his mortgage payments and could not fathom that the Property could be taken from under him via an illegal scheme.  The defendants, including a self-dealing former Greenpoint Bank employee, were involved in serial state lawsuits meant to defraud plaintiff and the federal government out of a Property set to be rebuilt with federal rehabilitation funds.

<u>**POINT ONE**</u>

**THE STAY SHOULD BE ISSUED UNDER THE
'IN THE AID OF JURISDICTION' PRONG AND
'EFFECTUATE JUDGMENTS' PRONG
OF THE AIA SO THAT THE
FEDERAL COURT IS THE EXCLUSIVE FORUM TO
DETERMINE RIGHTS ABOUT THE PROPERTY 'RES'**

The State Lawsuit should be stayed in the aid of the jurisdiction of this Federal Court. Under this prong of the AIA, a state lawsuit should be stayed when a federal court has jurisdiction over a 'res' like the property.  <u>Wyly v. Weiss</u>, 697 F.3d 131, 137 (2d Cir. 2012) ("Under the Anti-Injunction Act, the 'in aid of jurisdiction' exception applies 'where the effect of a state court proceeding would be to defeat or impair the jurisdiction of the federal court.'")

Historically, this prong has been invoked when the federal action came first.  However, filing first is only relevant when filing first invokes the presumption of supremacy of jurisdiction.  Serial filers are not entitled to the presumption that they have "captured" jurisdiction.  If Harry Zubli keeps immediately filing and voluntarily discontinuing state court

actions once they are proven frivolous, he will always be 'first' over Mr. Ozuzu, but this does not mean he can forever prevent a federal court from exercising jurisdiction over the res Property.

Federal case law reflects that serial filers are not entitled to the presumption of jurisdiction even if they are chronologically the first filed. Indeed, even the 'first-filed' rule, which applies to two federal cases filed in different districts, does not give precedence to a rushed declaratory judgment action filed before, and in response to, an explicitly threatened lawsuit in a different forum. The second lawsuit, in substance over form, was first, even though it was not first chronologically.

Bankruptcy Courts apply the same reasoning to the automatic stay. A debtor who files his first bankruptcy gets an automatic stay; the Bankruptcy Court is declared the supreme forum and lawsuits in other forums are stayed. For a debtor who files his second bankruptcy under Chapter 11, the Bankruptcy Court is the supreme forum only for the 30 days the automatic stay lasts on the second filing. Under Chapter 13, some serial filers get no automatic stay at all and the Bankruptcy Court is found not to be the supreme forum over a later-filed action in another forum. Serial filers do not get the privilege of being counted as filing first.

Under similar reasoning, the State Lawsuit should be stayed so the federal court can best effectuate its judgments. In Wyly v. Weiss, supra, the Court denied a stay under the second prong because that case was an 'in personam' action rather than action concerning a res, like this case. Still, the Court granted a stay under the third prong so it could effectuate its judgments. Those judgments need not be final judgments, as the Wyly Court referred to other cases where some members of the class had not settled, even in light of new facts.

4

## POINT TWO

## THE STAY SHOULD BE ISSUED UNDER THE 'ACT OF CONGRESS' PRONG OF THE AIA

The State Lawsuit should be stayed because, under the first prong of the AIA, both it and this lawsuit involve Congressional statutes. <u>Tooele County v. United States of America</u>, 820 F.3d 1183, 1192 (10th Cir. 2012). ("No other federal appellate court has considered whether the Quiet Title Act constitutes an expressly authorized exception to the Anti-Injunction Act. In these circumstances, we decline to decide the issue newly raised in our court.")

Federal statutes involving property rights, including the Quiet Title Act, the FHA, and specifically, the Emergency Disaster Relief Act, 42 U.S.C. 5170(a), allow a stay of the State Lawsuit under the first prong of the AIA in order to determine the question of federal disaster relief in federal court. Generally speaking, federal disasters are declared when state or city jurisdictions (NYC, NYS) have an emergency that exceeds their response capabilities.

In such circumstances, the federal government has the 'supreme jurisdiction' over the disaster. It can go so far as to 'disarm' individuals possessing firearms in compliance with the Second Amendment. Specifically with respect to disaster funds, the federal government must "6) provide accelerated Federal assistance and Federal support where necessary to...mitigate severe damage." Also, it must not "B)...in notifying and coordinating with a State under subparagraph A), delay...the distribution of critical resources to victims of a major disaster.."

It is undisputed that the water-proximate Property was severely damaged in Hurricane Sandy, rendering it and the area a disaster. It is undisputed that federal assistance was made available to the Property. It is also undisputed that the State Lawsuit resulted in a delay of the distribution of the federal resources to the plaintiff victim.

Accordingly, it is respectfully requested that the State Lawsuit be stayed. The Emergency Disaster Relief Act requires that state proceedings not interfere with the distribution of federal emergency aid. Zubli and his co-defendants did specifically interfere through their serial state filings in order to, among other things, become entitled to the federal aid. The appropriate forum for determining the effect of the Emergency Disaster Relief Act on federal funds and all other rights related to the property is this federal court.

## POINT THREE

### PLAINTIFF HAS FULFILLED ALL THE REQUIREMENTS OF A TEMPORARY RESTRAINING ORDER, PRELIMINARY INJUNCTION AND STAY

Generally, temporary restraining orders and injunctions require a movant to demonstrate possible success on the merits, irreparable harm, a balance of the equities in the movant's favor, and public harm. Here, plaintiff has demonstrated at least a possible success that defendants interfered with the Emergency Disaster Relief Act in order to divert public funds from plaintiff and the Property through its serial state lawsuits. As the claim involves in rem property rights, a stay issued under the AIA prevents irreparable harm as matter of law (Tooele, supra, at 1187) (initial stays under the AIA are considered TROs before 14 days and preliminary injunctions thereafter).

The balance of equities is certainly in plaintiff's favor. Defendants have had serial lawsuits in state court, some of which they have voluntarily discontinued, and none of which have been moving rapidly. There is no harm to defendants, while for plaintiff, if the stay is not issued, plaintiff may lose the Property and never have another opportunity to make his arguments herein. Finally, the public is greatly harmed if bank employees can use serial state filings to fraudulently take over those mortgages and properties of customers which seem like the best investments due to available federal disaster relief funds.

Finally, it should be noted that plaintiff filed this action pro se and only recently hired attorneys. Should the Court find that a stay or injunction would be better suited to an attorney-crafted amendment to the complaint, there is nothing to prevent, and plaintiff respectfully requests that, the Court issue the stay to permit plaintiff to file an attorney-amended complaint.

## CONCLUSION

Defendants are serial filers in State Court looking to take possession of both a Property and the emergency federal funds meant for that Property specifically identified by a former employee of the bank holding the mortgage. Plaintiff is a homeowning doctor who has always paid his mortgage and was a victim of Hurricane Sandy. The powers of this Federal Court, including through the AIA, empower this Court to issue a temporary restraining order temporarily staying the State Litigation. The stay should be issued while any underlying factual disputes, even those related to the propriety and jurisdiction of the issuance of the stay, are

WHEREFORE, PLAINTIFF JUDE OZUZU'S MOTION FOR A STAY WITH TEMPORARY RESTRAINING ORDER SHOULD BE GRANTED AND A STAY OF THE STATE COURT LAWSUIT ISSUED, TOGETHER WITH SUCH OTHER AND FURTHER RELIEF AS THIS COURT DEEMS JUST AND PROPER.

Dated: New York, New York
       December 2, 2019

Respectfully submitted,

KORNFELD & ASSOCIATES, P.C.
*Attorneys for Plaintiff Jude Ozuzu*

240 Madison Avenue, 8th Floor
New York, New York 10016
(212) 759-6767

_____/s/ Randy Kornfeld_____
By:        Randy M. Kornfeld

7